IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE J. CHIAVERINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-7 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 26th day of January, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues the Administrative Law Judge ("ALJ") erred by failing to adequately develop the record with mental and physical health opinion evidence. (Doc No. 11). Specifically, Plaintiff contends that the ALJ based the Plaintiff's mental residual functional capacity ("RFC") on his own lay opinion because he issued a complex mental RFC after finding a psychological consultant's opinion to be unpersuasive. (*Id.* at 5-6). Further, Plaintiff posits that the ALJ's physical RFC is based on untimely evidence because opining doctors did not have access to later exams of Plaintiff's hands. (*Id.* at 6-7). The Court disagrees and will therefore affirm.

The ALJ formulated Plaintiff's RFC as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except that he has been incapable of kneeling, crouching, crawling, and climbing ladders, ropes, or scaffolds. The claimant has been able to balance, stoop, and climb ramps and stairs occasionally. He has needed to avoid concentrated exposure to extremes of cold and heat, vibration, and hazards such as inherently dangerous moving machinery and unprotected heights. He has been limited to frequent handling, fingering, and feeling bilaterally. The claimant has been limited to unskilled, low-stress work, such as that performed with a specific vocational preparation of one or two, and which involve[s] work duties that must be explained, written, and/or demonstrated and learned within 30 days or less. Work must not be fast-paced or have strict production or time quotas. He has been limited to occasional interaction with others.

(R. 22).

Plaintiff argues that these mental and physical limitations are incomplete. Specifically, Plaintiff contends that the ALJ formulated his mental RFC based on arbitrary decision-making because the ALJ cited to limited information in support of his findings and rejected all psychological opinion evidence of record. (Doc. No. 11 at 5-6). Plaintiff states that it is unclear how the ALJ arrived at the mental RFC as he only cited to the consultative examination's notation of inconsistency in multiplying single digits, Plaintiff's report stating he was socially isolated, Plaintiff's estimate that he could pay attention for ten minutes, and Plaintiff's report that he had difficulty coping with stress. (*Id.* at 6 (citing R. 20-21)). Further, Plaintiff argues the ALJ's physical RFC is based on untimely evidence and is insufficiently informed as the ALJ relied on opinions that were

issued before Plaintiff's hand exams that revealed a right hand deformity and bilateral finger contractures.  (Doc. No. 11 at 6-7).

Defendant counters that Plaintiff's RFC is supported by substantial evidence because the ALJ considered all the evidence when formulating Plaintiff's mental RFC and considered exclusively timely evidence in crafting the physical RFC, citing numerous parts of the record supporting his finding.  (Doc. No. 13 at 9-10).  Additionally, Defendant notes that light work was a reasonable physical RFC in this case based on all the evidence, including Plaintiff's testimony, his report of daily activities, his exam records, and his ability to walk without an assistive device.  (*Id.* at 9-10).

The RFC is an administrative finding.  *See* 20 C.F.R. § 416.927(d).  As such, an ALJ is obligated to review all the evidence and decide what limitations are appropriate for inclusion in the RFC; fulfilling that obligation does not mean an ALJ has inappropriately substituted his or her lay opinion for the medical opinion evidence in the record.  *See Galloway v. Comm'r of Soc. Sec.*, No. 20-4669, 2021 WL 4477145, at *4 (E.D. Pa. Sept. 30, 2021).  This Court has consistently rejected the argument that ALJs must premise their RFC findings upon a specific medical opinion.  *See*, *e.g.*, *Hornyak v. Colvin*, No. 15-74-E, 2016 WL 1255288, at *1 n.1 (W.D. Pa. Mar. 30, 2016) (citing *Doty v. Colvin*, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, No. 13-1634, 2014 WL 7408700, at *1 n.1 (W.D. Pa. Dec. 30, 2014)).  Indeed, as this is an administrative finding, an ALJ is permitted to make an RFC assessment even if no doctor has specifically made the same findings.  *See Hayes v. Astrue*, No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

In this matter, the ALJ permissively based Plaintiff's physical and mental RFC limitations on the entirety of the record.  The Court finds no error in the ALJ's mental RFC analysis.  In formulating the mental RFC, the ALJ first examined Plaintiff's Adult Function Report.  (R. 22 (citing Ex. 5E)).  In this report, Plaintiff stated that he can do many tasks independently, including managing his own finances.  (*Id.*).  He indicated that performing acts of personal care require additional effort and that he can cook, but it takes him more time.  (R. 23 (citing Ex. 5E/5-6)).  The ALJ further noted the findings of Dr. T. David Newman, Ph.D., who found Plaintiff's intellectual functioning and fund of knowledge in the average range.  (R. 24 (citing Ex. 6F/5)).  Dr. Newman indicated that Plaintiff's ability to multiply single digits was inconsistent, Plaintiff remembered three words immediately and two after a delay, and Plaintiff performed Serial 3s.  (R. 24 (citing Ex. 6F)).  Further, Plaintiff did not describe mental limitations in his ability to perform acts of personal care and stated that he effectively copes with change.  (R. 24 (citing Ex. 5E/5, 10)).  All of this evidence was considered and incorporated into Plaintiff's mental RFC.

Additionally, the ALJ evaluated several medical experts' opinions on Plaintiff's mental limitations, including that of Dr. Newman and disability determination service psychological consultants, Drs. Roger Fretz, Ph.D., and Susan Turner, Psy.D.  (R. 24-26

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record

---

(citing Exs. 1A; 4A)).   The ALJ found both of these opinions unpersuasive because they were not supported by their reliance on Dr. Newman's examination and were inconsistent with Plaintiff's Adult Function Report.  (*Id.*).   Instead of crafting the Plaintiff's mental RFC based on these opinions, the ALJ created it based on all the evidence.   Accordingly, the ALJ's mental RFC is supported by substantial evidence.

Likewise, the Court finds no error in the ALJ's physical RFC.   The ALJ explained that he limited Plaintiff to light exertion after analyzing Plaintiff's testimony and the record evidence.   (R. 25-26).   All of this evidence was timely and relevant as it showed Plaintiff's treatment records and complaints over the relevant period.   Specifically, the ALJ considered Plaintiff's testimony regarding his hand limitations, stating that he has two fingers on each hand that are bent and cannot be straightened.   (R. 23).   The ALJ also considered Plaintiff's inpatient treatment in 2019 for an injury to his back, Plaintiff's reduced strength to his right leg, hip, and knee, and Plaintiff's difficulty walking.   (*Id.*). The ALJ further evaluated Plaintiff's report of daily activities, treatment notes showing Plaintiff had contracture in his fingers, and Dr. Alexandra Smith-Demain, M.D.'s examination notes.   (*Id.*).   The ALJ also evaluated several medical experts' opinions on Plaintiff's physical limitations and found these opinions partially persuasive.   (R. 25-26).

While Plaintiff is correct that the hand examinations in question occurred after the doctors opined on Plaintiff's physical limitations, (*see* R. 85, 99, 859, 1236, 1351), the ALJ did, in fact, consider Plaintiff's right hand deformity and bilateral finger contractures when assessing Plaintiff's physical RFC.   (R. 22, 58; Exs. 12F/12, 14F/43).   The ALJ heard Plaintiff's testimony concerning his right hand deformity and stated that Plaintiff has two fingers on each hand that are bent and cannot be straightened.   (R. 22, 58).   Additionally, the ALJ cited one of the examinations and stated that the notes showed Plaintiff had "contracture in fingers[.]" (R. 23 (citing, *inter alia*, Ex. 14F/29)).   The ALJ also stated that treatment notes showed Plaintiff's "fingers locked in flexion and [were] incapable of going into full extension."   (R. 23 (citing Ex. 4F/42)).   Accordingly, the ALJ was clearly aware of and sufficiently considered Plaintiff's hand deformities when crafting Plaintiff's physical RFC despite these examinations not being available to the opining doctors.

For these reasons, the Court affirms the decision of the ALJ.

4